United States District Court
Southern District of Texas
**ENTERED**
April 26, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRIAN D. KEARNES, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-17-2251 |
| § | |
| NANCY A. BERRYHILL, § | |
| ACTING COMMISSIONER OF THE § | |
| SOCIAL SECURITY ADMINISTRATION, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] is Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (Doc. 20). The court has considered the motion, the response, all other relevant filings, and the applicable law. For the reasons set forth below, it is **RECOMMENDED** that Plaintiff's motion be **GRANTED**.

On March 19, 2019, the court reversed the Social Security Commissioner's decision and entered final judgment remanding this action to the Social Security Administration for further proceedings consistent with the Memorandum and Recommendation, and the Order Adopting Memorandum and Recommendation.[2] On March 28, 2019, Plaintiff filed the current motion for attorney fees under

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 2, Ord. Dated July 27, 2017.

[2] See Doc. 17, Mem. & Rec. Dated Feb. 28, 2018; Doc. 18, Ord. Adopting Mem. & Rec. Dated Mar. 19, 2019; Doc. 19, Final J Dated Mar. 19, 2019.

the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.[3]

Attorney's fees may be awarded under the EAJA to a party who has prevailed in an action, provided that the application for fees was submitted in timely fashion and no special circumstances make such an award unjust. United States v. Truesdale, 211 F.3d 898, 908 (5th Cir. 2000). It is undisputed that Plaintiff is a prevailing party, as the court found that the ALJ's decision required reversal based on a flawed hypothetical question.[4] See Boyd v. Apfel, 239 F.3d 698, 708 (5th Cir. 2001).

The EAJA permits cost-of-living adjustments to the attorney's hourly rate. 28 U.S.C. § 2412(d)(2)(A). Plaintiff requests the court award attorney's fees adjusted for inflation and in accordance with the Consumer Price Index of the Houston-Galveston-Brazoria region. The court agrees that the local index is the appropriate index to be applied in this case. See Hamblen v. Colvin, 14 F. Supp.3d 801, 808-09 (N.D. Tex. 2014); Benoit v. Astrue, No. H-07-2939, 2008 WL 3928026, at *1 (S.D. Tex. Aug. 27, 2008)(unpublished). Defendant does not challenge the requested hourly rate after adjustment is $190.62.

Defendant does challenge the reasonableness of several line items billed by Plaintiff's counsel. Defendant has the burden of showing substantial justification for its position to reduce a

---

[3]   See Doc. 20, Pl.'s Mot. for Atty's Fees.

[4]   See Doc. 19, Final J.

plaintiff's counsel's fees.  See Baker v. Bowen, 839 F.2d 1075, 1080 (5th Cir. 1988).

First, Defendant contests the reasonableness of 4.40 hours to review documents and draft the complaint.  Defendant argues that 2.4 hours is the maximum that should be awarded.  The court finds the requested time to be reasonable.  The court will not reduce this line item.

Defendant argues that Plaintiff's counsel's charge of 2.85 hours to review notices, to file certain documents with the Clerk and to prepare summonses to be clerical and excessive and should be reduced to one hour.  The court does not find the time to be excessive.

Defendant also contests 13.75 hours to prepare Plaintiff's motion for summary judgment and asks that this item be reduced by four hours.  The court does not find that the amount billed is unreasonable.

Based on the foregoing, it is **RECOMMENDED** that Plaintiff's motion for fees is **GRANTED** in the amount of $8,263.37.  Payment of fees should be made payable to Plaintiff, and his attorney, James Foster Andrews and mailed to his attorney, James Foster Andrews, 709 Studewood, Houston, Texas 77007.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto

pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically or by mail.  Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 26th day of April, 2019.

_____
U.S. MAGISTRATE JUDGE