UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRIAN D. KEARNES, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-17-2251 |
| | § | |
| NANCY A. BERRYHILL, ACTING COMMISSIONER | § | |
| OF THE SOCIAL SECURITY ADMINISTRATION, | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(1) filed by defendant Andrew Saul, Commissioner of Social Security (the "Commissioner"). Dkt. 25. The Magistrate Judge filed a Memorandum and Recommendation in which she recommended remand because (1) the Administrative Law Judge ("ALJ") failed to pose a certain hypothetical to the vocational expert; and (2) the ALJ found the plaintiff could perform jobs that were not identified by the vocational expert. Dkt. 17. The Commissioner argues that the purportedly missing information—the hypothetical and the identification of jobs by the vocational expert—was in the Record.[1] Dkt. 26 (citing the relevant aspects of the Record). The Commissioner contends that the Magistrate Judge "simply made a mistake in overlooking the interrogatory testimony" and that the mistake can be remedied under Rule 60(b)(1). The Commissioner notes that he "apologizes for not bringing the mistake to the Court's attention sooner." *Id.* He requests that the court vacate its order adopting the Memorandum and Recommendation and its final judgment. *Id.*

---

[1] The Commissioner contends that the information was contained in pre-hearing interrogatories to the vocational expert rather than in the hearing transcript. *See* Dkts. 15-1 at 2; 25 at 2.

The plaintiff argues that the Commissioner had "ample time to argue his position in February and March" and it "would be a grave injustice to allow [the Commissioner] to now blatantly challenge this Final Judgment." Dkt. 26. The Commissioner did not file a reply.

Under Federal Rule of Civil Procedure 72(b), a party has fourteen days after being served with a copy of a Magistrate Judge's recommendation to file objections. Fed. R. Civ. P. 72(b). The Magistrate Judge filed the allegedly erroneous Memorandum and Recommendation on February 28, 2019. Dkt. 17. In the Memorandum and Recommendation, she clearly advised that the parties had fourteen days to file written objections pursuant to Rule 72. *Id.* at 26. Nineteen days later this court, having received no objections, issued an order adopting the Memorandum and Recommendation. Dkt. 18. The Commissioner did not timely move for a new trial.

Rule 60(b) of the Federal Rules of Civil Procedures outlines six different scenarios in which a party may obtain relief from a final judgment. *See* Fed. R. Civ. P. 60(b). The Commissioner claims he is entitled to relief under subsection (1) of Rule 60(b). Dkt. 23. This subsection allows a court to grant relief in the case of "(1) mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). A Rule 60(b) motions must be made within a "reasonable time," and a Rule 60(b) relating, specifically, to subsections (1) through (3) must be made within a "reasonable time" and "no more than a year after the entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c)(1).

"The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of the facts." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005). "[A]lthough the desideratum of finality is an important goal, the justice-function of the courts demands that it must yield, in appropriate circumstances, to the equities of the particular case in order that the judgment might reflect the true merits of the case." *Seven*

*Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981). However, "the desire for a judicial process that is predictable mandates caution in reopening judgments." *Baily v. Ryan Stevedoring Co., Inc.*, 894 F.2d 157, 160 (5th Cir. 1990).

Courts in the Fifth Circuit considering whether to grant a Rule 60(b) motion consider the following factors:

> (1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to do substantial justice; (4) whether the motion was made within a reasonable time; (5) whether—if the judgment was a default or a dismissal in which there was no consideration of the merits—the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether there are any intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack.

*Seven Elves*, 635 F.2d at 402.

Here, the court agrees with the plaintiff that the factors weigh against reopening the case at this juncture. The Commissioner had fourteen days to object to the Memorandum and Recommendation before the court adopted it, and he failed to do so. Then, he could have moved for a new trial under Rule 59 within twenty-eight days of the judgment. He failed to do so. The Commissioner waited almost five months from the date of the final judgment, and after the court approved a fee request under the Equal Access Justice Act, to file his Rule 60 motion. He makes no excuse for the delay and presents no argument as to why the court should find the intervening time period was "reasonable" under Rule 60(b). While the court understands there may have been a mistake with regard to the court's review of the record, that potential mistake should have been pointed out within fourteen days of the issuance of the Memorandum and Recommendation, not

3

more than five months later.  The court finds that the Commissioner did not bring his Rule 60(b) motion within a reasonable time and that the factors weigh against reopening at this late juncture.

The motion for relief from judgment is DENIED.

Signed at Houston, Texas on August 30, 2019.

---
Gray H. Miller
Senior United States District Judge